ERNESTINE SCHLEISSNER, Respondent, *v.* MORRIS SCHLEISSNER, Appellant.

*A brief characterizing a trial justice as "the arrogant Trial Justice" directed to be returned by the clerk to the counsel filing it.*

Where a brief submitted by an appellant, upon an appeal to the Appellate Division, referred to the trial justice as "the arrogant Trial Justice," the Appellate Division directed all copies of the objectionable brief furnished to the clerk to be returned to the appellant's counsel and refused to hear the appeal until the appellant's counsel had filed another brief omitting the offensive matter.

APPEAL by the defendant, Morris Schleissner, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 11th day of February, 1902, upon the decision of the court rendered after a trial at the Kings County Special Term, decreeing to the plaintiff a separation from the defendant and awarding her alimony at the rate of twenty dollars per week.

*Ralph Nathan*, for the appellant.

*Jacob Marks*, for the respondent.

WILLARD BARTLETT, J. :

Upon the trial of this action the learned judge before whom the cause was heard received testimony showing that the wife had loaned upwards of $5,000 to her husband, and that upon her refusal to give him more money he said he had no use for her, and abandoned her.

Referring to the testimony on this subject, counsel for the appel-

lant, on the 9th page of his printed brief, argues as follows: "The Court at this stage made the remarks that the plaintiff bought the defendant and that he (the Court) would see to it that the defendant pay it back. This, of course, was omitted by the stenographer and was not printed in the record, but it shows that this money absorbed the mind of the *arrogant Trial Justice* to the exclusion of all other evidence, and, therefore, the reception of this evidence was reversible error."

The epithet applied to the judge in this paragraph is grossly improper and impertinent. There is nothing in the record to excuse or palliate such a characterization, and the insertion of abusive matter of this sort in the brief renders it scandalous and makes it the duty of this court to refuse to permit the paper containing it to remain upon the files of the Appellate Division. All copies of the brief furnished to the clerk must be returned to counsel for the appellant, who may be allowed, however, to file another brief, omitting the objectionable matter, upon serving the prescribed number of copies on his adversary. After this is done the appeal will be in readiness for determination.

All concurred.

Clerk directed to return briefs to appellant's counsel, in accordance with memorandum of BARTLETT, J. Case set down for final disposition on Thursday, June 5, 1902.